IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-00242-ALM-BD |
| | § | |
| ZACHARY MARTIN (3) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Zachary Martin's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on December 8, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Paul Morris.

Defendant was sentenced on January 6, 2025, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Tamper with a Witness, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of II, was 78 to 97 months. Defendant was subsequently sentenced to time served and 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no alcoholic beverages, substance abuse testing and treatment, and any combination of psychiatric, psychological, or mental health treatment. On January 6, 2025, Defendant began service of the supervision term.

On November 7, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #271, Sealed). The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) <u>Mandatory</u>

REPORT AND RECOMMENDATION – Page 1

<u>Condition</u> Defendant must refrain from any unlawful use of a controlled substance; and (2) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any costs associated with treatment and testing. (Dkt. #271 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On July 1, 2025, Defendant appeared at the U.S. Probation Office in Plano, Texas for random drug testing. Defendant made a verbal admission that he would likely fail his drug test due to methamphetamine use. Additionally, Defendant signed an admittance form, in which he disclosed that he used methamphetamine on June 29, 2025, after an argument with his girlfriend. On August 20, 2025, Defendant appeared at the U.S. Probation Office in Plano, Texas, for random drug testing. Defendant submitted a urine sample that returned presumptive positive results for methamphetamine and marijuana. A laboratory report provided by Alere Toxicology confirmed the urine sample was positive for methamphetamine, specifically, d-methamphetamine. On September 13 and September 29, 2025, Defendant submitted urine samples at NOC Counseling in McKinney, Texas, as part of his participation in the random drug testing program. Both samples returned presumptive positives for the use of methamphetamine. Laboratory reports provided by Alere Toxicology confirmed the samples were positive for methamphetamine, specifically, d-methamphetamine. The urine sample submitted on September 29, 2025, was diluted. On November 7, 2025, Defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for the use of methamphetamine. Defendant admitted to using two days prior; and (2) On July 15, 2025, Defendant was enrolled in the U.S. Probation Office's random drug testing program. Part of the program rules required that if Defendant's phone was

disconnected or unable to receive text messages, Defendant agreed to notify his probation officer immediately. Defendant failed to do such, and missed drug tests on October 23 and 27, and November 3, 2025. (Dkt. #271 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1 and 2 in the Petition. Having considered the Petition and the plea of true to allegations 1 and 2, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of six (6) months with a two (2) year term of supervised release to follow.

The court recommends that all prior conditions imposed in the original judgment be reimposed.

The court further recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 12th day of January, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE